714 So.2d 862 (1998)
Frank J. ROSATO and Selema Rosato
v.
LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, et al.
Kathleen Louise BLAND
v.
ALLSTATE INSURANCE COMPANY, et al.
Charlotte McGUIRE
v.
Avis T. HENDERSON, et al.
Henry NUILA
v.
STATE of Louisiana, et al.
Nos. 97-CA-2543 to 97-CA-2546.
Court of Appeal of Louisiana, Fourth Circuit.
May 27, 1998.
*863 Harvey J. Lewis, Douglas V. Freret, II, Lewis & Kullman, New Orleans, for Plaintiffs-appellants Frank J. Rosato, Selema Rosato and Kathleen Louise Bland.
Richard P. Ieyoub, Attorney General, Nat G. Kiefer, Jr., Special Assistant Attorney General, Metairie, for Defendant-Appellee State of Louisiana through Dept. of Transportation and Development.
Stephen W. Rider, Arthur H. Leith, McGlinchey Stafford, New Orleans, for Appellee Work Zone, Inc.
Michael G. Cordes, David D. Bravo, Hoffman, Siegel, Seydel, Bienvenu & Centola, New Orleans, for Defendant/Appellee Jack B. Harper Contractor, Inc.
Michael R.C. Riess, Randal R. Cangelosi, Robert B. Evans, III, House, Kingsmill, Riess & Seabolt, L.L.C., New Orleans, for *864 Defendants/Appellees Boh Bros. Construction Co., Inc. and National Union Fire Ins. Co. of Pittsburgh PA.
Before SCHOTT, LOBRANO and MURRAY, JJ.
LOBRANO, Judge.
Plaintiffs appeal the summary judgment which dismissed their claims against the Department of Transportation and Development and its contractors and subcontractors. The facts and procedural history precipitating this judgment are as follows:
On Halloween night, 1992, Avis Henderson began the night in Baton Rouge, drinking and celebrating at a fraternity party; later that evening she and two friends decided to travel to New Orleans. They utilized Henderson's car for the trip. Henderson's memories of the night are unclear, as are those of her two passengers. However, it is certain that at some point that night while in New Orleans, Henderson drove her car onto an area of the Pontchartrain Expressway then undergoing construction. The project was in its initial phase and at that time the outer lanes of travel were closed, leaving two lanes open for traffic in each direction. As the final step in construction, the median was due to be renovated; a high concrete divider would eventually separate the directions of traffic. At this time, however, the roadway still had its original 9 inch high dividera divider over which Avis Henderson drove while intoxicated and exceeding the speed limit, sending her car crashing headlong into another car. That car's driver, Carole Mays, was instantly killed. Henderson's car then struck a temporary barrier on the other side of the road, and spun back upon the road, striking other vehicles and causing multiple injuries to Kathleen Bland and others.[1]
It is undisputed that Avis Henderson had a blood alcohol level of .127 at the time of the accident. She does not remember how much she drank, nor when she stopped drinking, but an open can of Coors beer was found wedged beneath the pedals of her car. Henderson pled guilty to vehicular negligent injury and was found guilty of vehicular homicide.
Frank J. Rosato and Selma Rosato, the parents of Carole Mays, and Kathleen Bland filed the instant suit alleging that the Louisiana Department of Transportation and Development (DOTD) and its contractors, Boh Brothers Construction Company, Work Zone, Inc., and Jack Harper Contractor, Inc., bear responsibility, at least in part, for the damages resulting from the Henderson vehicular collisions. Plaintiffs assert that DOTD created a hazardous condition when it authorized and planned the renovation of the Pontchartrain Expressway without providing adequate safety measures, particularly in failing to install the new, higher median as the first step in the project and/or failing to install temporary barriers during the construction phase. Boh Brothers, Work Zone, and Jack Harper were the contractors and subcontractors, respectively, for the Pontchartrain Expressway project; plaintiffs assert that they were negligent for failing to note the hazardous condition created by the closing of the outside lanes and taking the necessary steps to prevent or remedy that condition.
The pertinent section of the Pontchartrain Expressway was originally constructed with six lanes of travel, three riverbound and three lake bound, separated by a median three feet, nine inches wide and nine inches high. This design conformed to the safety standards of the American Association of State Highway and Transportation Officials (AASHTO) at the time it was built, some decades ago; in recent years, those standards have been greatly revised.
Because of the significant increase in traffic in the years since its original construction, in 1991 the DOTD undertook a construction project to upgrade the highway to conform with present day AASHTO standards which require, among other things, a higher, thirty-two inch jersey barrier wall along the median. Louisiana Revised Statute 48:35 requires DOTD to conform with AASHTO standards.
According to the final plans provided by DOTD to its contractor and subcontractors, *865 the project would begin with the closing of the far right lanes in both directions, and the removal of the outside guard rails. Entrance and exit ramps would be constructed, and the shoulders on either side widened. The final stage of construction would be the installation of the median barrier wall. As we previously noted, construction was in its initial phase at the time of the accident, which meant that the far right lanes of traffic were closed and the new median not yet in place.
Both DOTD and the contractors moved for summary judgment. DOTD argued, in pertinent part, that the courts had ruled in previous cases that this section of the Pontchartrain Expressway was not defective or inherently dangerous and thus, as a matter of law, it was entitled to judgment. In addition to that argument, the contractors argued that La. R.S. 9:2771, which provides immunity for contractors working from plans provided by an owner, released them from any liability. Finally, all defendants argued that the sole cause of the accident was Henderson's negligence.
The trial court granted the summary judgments finding that as a matter of law, the median of the Pontchartrain Expressway was not unreasonably dangerous. The court also specifically noted various uncontested facts supporting Henderson's negligence. Plaintiffs perfect this appeal.

SUMMARY JUDGMENT STANDARD:
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94), 634 So.2d 1180, 1182. Summary judgments are appropriately rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant; however, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2). The jurisprudential presumption against granting summary judgment was legislatively overruled by recent amendments to La. C.C.P. art. 966.
An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La. C.C.P. art. 967.

DISCUSSION:
In their first assignment of error, plaintiffs argue that the trial court erred in holding that, as a matter of law, the median on the Pontchartrain Expressway was not defective. The trial court relied on three cases: Carter v. Deitz, 556 So.2d 842 (La. App. 4 Cir.), writ denied, 566 So.2d 960 (La. 1990), Dagnall v. Louisiana Department of Highways, 426 So.2d 276 (La.App. 4 Cir.), writ denied, 433 So.2d 160 (La.1983), and Seymour v. LaCava, 522 So.2d 683 (La.App. 5 Cir.), writ denied, 523 So.2d 1342 (La.1988). In each of the above cases, the courts held that the median barrier on the Pontchartrain Expressway was not unreasonably dangerous. The courts concluded that, even though the barrier was inadequate by modern safety standards, it did conform to the safety standards at the time of its construction, and therefore DOTD was absolved from all liability. The trial judge found no difference between those cases and the instant case.
Plaintiffs argue that those cases are not controlling because here the highway was undergoing construction, while in Dagnall, Carter, and Seymour it was not. In support, plaintiffs cite Pino v. Gauthier, 633 So.2d 638 (La.App. 1 Cir.1993), writs denied, 634 So.2d 858, 859 (La.1994). The Pino case dealt with *866 an accident in a construction zone on Interstate 12 in Baton Rouge. DOTD was found liable for failing to utilize a temporary median barrier during construction. The Pino court held that, under La. R.S. 48:35, DOTD had a duty to adopt specific minimum safety standards during construction.
While the Pino case may be distinguished in some respects, the case supports the conclusion that DOTD does have a duty to perform construction in a safe manner and thus, the same roadway that was not inherently dangerous at the time of the accidents in Dagnall, Carter, and Seymour could have been rendered dangerous during construction, if construction is not undertaken carefully and responsibly. Those earlier holdings do not automatically absolve DOTD from responsibility once the roadway is under construction. Furthermore, in Dill v. State of Louisiana, Department of Transporation and Development, 545 So.2d 994 (La.1989) the Supreme Court recognized that DOTD cannot escape liability simply by showing that a highway met existing standards when it was built. "Design standards both at the time of original construction and at the time of the accident may be relevant factors for consideration in deciding this issue [DOTD's responsibility], but are not determinative of the issue." Id. at 996. The trial court in this case was in error to hold that, as a matter of law, the pertinent section of the Pontchartrain Expressway was not unreasonably dangerous.
DOTD advances further arguments in support of its motion. It asserts that the sole cause of the accident was Henderson's own negligence, that it has a lesser duty to motorist in a construction zone, and that it had no duty to place temporary medians during construction or to construct the new center median before undertaking the other construction work.
While plaintiffs attempt to minimize Henderson's fault, it is undisputed that she had a blood alcohol level of .127 at the time of the accident. The evidence is unrefuted that she was speeding. However, the issue before us is whether, on the summary judgment motion, DOTD has satisfied its burden of showing that it was not a contributing proximate cause of plaintiff's damages. Plaintiffs offer the expert opinion of Andrew Ramisch and the deposition of the investigating police officer in support of their position that temporary barriers or the new permanent barriers would have prevented this accident. Additionally, plaintiffs point to other crossover collisions that occurred after construction began; in particular the one which occurred June 10, 1992, before the Henderson collision.
Henderson's negligent conduct is not seriously in question. Even so, DOTD has a responsibility to consider the actions of inattentive or negligent drivers when making determinations about roadway safety. Brown v. Louisiana Indemnity Company, 97-1344 (La.3/4/98), 707 So.2d 1240, Ledbetter v. State, Through Louisiana Department of Transportation and Development, 502 So.2d 1383 (La.1987); Owens v. Concordia Electric Co-op., Inc., 95-1255 (La.App. 3 Cir. 6/25/97), 699 So.2d 434. DOTD asserts that traffic congestion during construction was the basis for not placing temporary medians or constructing the new barriers first. While that rationale may be reasonable, at this stage of the proceedings we cannot say as a matter of law that DOTD has no concurring responsibility for plaintiffs' damages. While the motoring public can expect hazards in a construction zone, the question of what constitutes adequate protection from those hazards depends on the specific circumstances of each case. Brandon v. State, Through Department of Highways, 367 So.2d 137 (La. App. 2 Cir.), writ denied, 369 So.2d 141 (La. 1979).
It is undisputed that three lanes of traffic were compressed into two, with the same nine-inch median barrier being utilized. According to plaintiffs' expert this change would increase traffic volumes in opposing lanes, close to each other and "obviously" increase the exposure of motorist to the danger of crossover accidents. He concludes that it was both technically and economically feasible to install crossover protection and had DOTD taken such precautions the accident would not have occurred. DOTD's duty depends on the particular facts and circumstances of the case. Brown v. Louisiana *867 Indemnity Co., supra. We conclude that there are genuine issues of material fact concerning whether DOTD created and maintained a hazardous condition which was a contributing cause of plaintiff's damages.
In their next assignment of error, plaintiffs argue that the trial court erred in holding the contractors immune from suit under La. R.S. 9:2771. In pertinent part, that statute states:
No contractor shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specification furnished to him which he did not make or cause to be made and if the destruction, deterioration or defect was due to any fault of insufficiency of the plans or specification. This provision shall apply regardless of whether the destruction, deterioration or defect occurs or become evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The provisions of this section shall be subject to waiver by the contractor.
The immunity afforded a contractor by the above statute is not absolute. With respect to tort claims brought by third parties it is available only absent a showing either that the situation created was not hazardous or that the contractor had no justifiable reason to believe a hazardous condition was created. Bernard v. State Through Department of Transportation and Development, 93-1376 (La.App. 3 Cir. 6/1/94), 640 So.2d 694 writ denied, 94-1814 (La.10/14/94), 643 So.2d 165.
In the present case, it is undisputed that all plans regarding the construction work on the Pontchartrain Expressway were prepared by DOTD and that the contractors worked from those plans without deviation. Given those undisputed facts, for purposes of this motion for summary judgment the contractors have satisfied their initial burden of showing they are entitled to the immunity afforded by La. R.S. 9:2771. To avoid summary judgment on that issue it was then incumbent on plaintiffs to show that there is a material issue of fact with respect to whether the contractors had reason to believe that working in accordance with DOTD's plans would create a hazardous condition.
Plaintiffs assert that they have made such a showing. They argue that Boh Brothers, Work Zone, and Jack Harper all adopted, as part of their contracts with DOTD, the Gold Book, which places certain responsibilities upon all contractors, including the obligation to discover and report to DOTD any hazards arising as a result of the construction. We do not dispute that the contractors have those obligations. However, the issue is whether the record contains factual support which suggests that plaintiff will be able to prove that the contractors had knowledge that adherence to DOTD's plans would create hazardous condition.
In response to that issue, plaintiffs argue that the crossover accidents which occurred prior to construction (Dagnall, Seymour and Carter) as well as the June 10, 1992 accident create, at least, an issue as to whether the contractors had knowledge that the construction design and plans created a hazardous condition vis-a-vis the median. Plaintiffs do not rely on their expert's opinion since none was rendered with respect to the contractors.
The Dagnall, Seymour and Carter cases can not impute knowledge of defective plans for the simple reason that in those cases the courts held the median was not defective. The only accident of any relevance would be the one which occurred June 10, 1992. It happened eight to nine months after construction started, but prior to Henderson's collision. Plaintiff's evidence of that accident is a copy of the lawsuit that was filed against DOTD. Neither Boh Brothers, Work Zone or Jack Harper were defendants. The suit alleges that the errant driver "jumped" the median, struck an eighteen-wheeler and then collided with the plaintiff's vehicle. With nothing more, we hold that it is insufficient to satisfy plaintiffs' burden as the party opposing a motion for summary judgment.
Although the contractors are obliged to perform with due regard for the public's safety, they are also entitled to rely on the owner's (DOTD) expertise in the preparation *868 of the plans and specifications in all respects, including safety. The fact that there was an accident eight months after construction started does not create a material factual issue sufficient to warrant a trial on the issue of whether the contractors should have ignored DOTD's plans. The recent legislative pronouncements with respect to summary judgment convince us that the trial court judgment dismissing the contractors should be affirmed.
Accordingly, for the reasons assigned, we reverse the summary judgment granted in favor of DOTD and affirm the judgment in favor of Boh Brothers, Work Zone and Jack Harper. We remand for further proceedings.
REVERSED IN PART; AFFIRMED IN PART; REMANDED.
NOTES
[1] The other plaintiffs settled.