729 So.2d 726 (1999)
Glenn R. MARTIN, et ux., Plaintiffs-Appellants,
v.
STONE CONTAINER CORPORATION, et al., Defendants-Appellees.
No. 31,544-CA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1999.
Chris L. Bowman, Jonesboro, Counsel for Plaintiffs-Appellants.
Lemle & Kelleher by Michael J. Furman, New Orleans, Counsel for Defendant-Appellee, B E & K Construction Co.
Hayes, Harkey, Smith & Cascio by Donald C. Douglas, Jr., Monroe, Counsel for Defendant-Appellee Horizon Steel Erectors.
Before NORRIS, WILLIAMS and PEATROSS, JJ.
NORRIS, Chief Judge.
The plaintiffs, Glenn and Jeanne Martin, appeal a summary judgment that dismissed two defendants, Horizon Steel Erectors Inc. and B E & K Construction Co., from their tort suit. For the reasons expressed, we affirm.

Factual background
The pleadings, attachments and statement of uncontested material facts show that Stone *727 Container Corp., a defendant herein, operated a paper mill in Hodge, Louisiana. In 1989 Stone engaged B E & K as general contractor to construct a new recovery boiler at the mill. In late 1990 B E & K engaged Horizon as a subcontractor to erect the steel framework of the building to house the new boiler. Following written plans and oral directions from B E & K personnel, Horizon installed steel guardrails at various levels of the project.
Glenn Martin was employed by B E & K as a carpenter on the boiler project. On the morning of May 22, 1991 Martin entered the basement level in a hatchway area. A load of scaffolding which was being lifted from an upper level accidentally caught a section of the steel guardrail, pulling it loose from its metal sleeve and causing it to fall about 120 feet. The guardrail, which weighed 100-125 lbs., struck Martin and seriously injured him. B E & K had informed its employees generally, and Martin specifically, not to work in the hatchway while materials were being hoisted.
B E & K's compensation carrier, St. Paul Fire & Marine Insurance, began paying Martin weekly benefits, medical expenses and rehabilitation costs. In May 1992 the Martins filed the instant tort suit against B E & K, Stone, Horizon, and two of B E & K's employees. After discovery, all defendants moved for summary judgments. After a hearing in October 1996, the District Court denied the motion with respect to Stone but granted it as to all other defendants. The Martins have devolutively appealed the judgment with respect to B E & K and Horizon. The District Court later certified her ruling as a partial final judgment in accord with La. C.C.P. art. 1915 B and Banks v. State Farm Ins. Co., 30,868 (La. App. 2 Cir.3/5/98), 708 So.2d 523.

Summary judgment procedure
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966 A(2). After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. Art. 966 C(1). The burden of proof remains with the mover. Art. 966 C(2). However, when a motion for summary judgment has been filed and supported by evidence, the adverse party may no longer rely on the mere allegations or denials of his pleadings, but through affidavits or otherwise must set forth evidence demonstrating there is a genuine issue for trial. La. C.C.P. art. 967; Simoneaux v. E.I. du Pont de Nemours & Co., 483 So.2d 908 (La.1986); Berzas v. OXY USA Inc., 29,835 (La.App. 2 Cir. 9/24/97), 699 So.2d 1149. Appellate review of summary judgment is de novo, utilizing the same criteria that guide the trial court's grant of the judgment. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152.

Discussion
By their first assignment the Martins contest the summary judgment in favor of Horizon. They urge that a genuine issue of material fact exists, i.e., whether Horizon owed a duty to warn Martin of the hazardous condition of the guardrails. The District Court found that Horizon was neither the designer nor the fabricator of the rails or the sockets in which they fit; rather, B E & K designed the rails to be stabilized against lateral movement by steel wedges, and instructed Horizon not to insert the wedges, so the rails could be easily removed during the construction process. In brief the Martins do not contest these findings,[1] but argue that an installer may owe a duty to warn third persons of the hazardous condition of the thing installed, separate and apart from the manufacturer's duty to warn. In support, they cite Brooks v. Henson Fashion Floors, 26,378 (La.App. 2 Cir. 12/7/94), 647 So.2d 440.
*728 The applicable law is R.S. 9:2771, which grants immunity to any contractor who performs work:
according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction * * * was due to any fault or insufficiency of the plans or specifications.
This statute extends immunity to contractors from tort claims by third persons. Bernard v. State, 93-1376 (La.App. 3 Cir. 6/1/94), 640 So.2d 694, writ denied 94-1814 (La.10/14/94), 643 So.2d 165; Rosato v. Louisiana Dept. of Transp. & Dev., 97-2543 (La. App. 4 Cir. 5/27/98), 714 So.2d 862. "With respect to tort claims brought by third parties it [the immunity] is available only absent a showing either that the situation created was not hazardous or that the contractor had no justifiable reason to believe a hazardous condition was created." Rosato, 714 So.2d at 867. The defendant in Rosato obtained summary judgment on the showing that it complied with all specifications provided by the owner, DOTD. The plaintiff failed to present summary judgment evidence to dispute compliance or to suggest that the condition was hazardous.
In the instant case B E & K's project supervisor, Jerry Moses, testified by deposition that he instructed Horizon not to insert the wedges. Ray Miller, a co-worker of Martin's, confirmed that the rails were intended to be easily removed to facilitate the construction process. This evidence is sufficient to show that Horizon complied with the general contractor's plans and specifications and there was nothing improper about the design; thus Horizon is entitled to the immunity of R.S. 9:2771 as a matter of law. Counsel for the Martins conceded that no countervailing affidavits or depositions were filed. R.p. 221. Instead, the plaintiffs reiterate the conclusory allegation that there was a duty to warn, and suggest that perhaps Horizon did not actually follow specifications. Br., 4-5. Unsupported allegations do not undermine the showing made by Horizon. Berzas v. OXY USA Inc., supra.
In sum, the Martins have not shown there is any genuine issue of material fact clouding Horizon's right to the immunity of R.S. 9:2771. Summary judgment is appropriate.[2]
By their second assignment the Martins contest the summary judgment in favor of B E & K. They concede that Martin was an employee of B E & K's and was working at the time of the accident; this would relegate him to the exclusive remedy of worker's compensation, La. R.S. 23:1032 A(1)(a). However, they argue that Martin may still assert a tort claim based on B E & K's dual capacity as employer and as contractor who has assumed the owner's liability by contract. In support they cite Stelly v. Overhead Door Co., 94-0569 (La.12/8/94), 646 So.2d 905.
Since an amendment effective on January 1, 1990, R.S. 23:1032 A(1)(b) has provided:
This exclusive remedy is of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
The Martins first argue that because the contract between B E & K and Stone was entered before the effective date of the amendment, the pre-amendment law should apply. This is erroneous; the date of injury determines which version of the comp law will apply. See, e.g., Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La.1992).
The Martins also argue, without elaboration, that the post-amendment version of R.S. 23:1032 does not abrogate dual capacity if it is based on the employer's contractual assumption of the owner's duties.[3] Since Stelly, however, the appellate courts have uniformly held that the amended version of R.S. 23:1032 precludes any tort claim against *729 an employer, even against an employer who has contractually assumed the owner's liability. Douglas v. Hillhaven Rest Home, Inc., 97 0596 (La.App. 1 Cir. 4/8/98), 709 So.2d 1079, writ denied 98-1793 (La.10/30/98), 727 So.2d 1161, and citations therein. Like the court in Douglas, we feel that Stelly is limited to the time frame and facts presented therein.
Simply put, B E & K has shown that it is entitled to the employer's immunity from tort action as a matter of law, R.S. 23:1032, and the Martins have produced no evidence or argument to refute it. Summary judgment is appropriate.

Conclusion
For the reasons expressed, the judgment is affirmed at the plaintiffs' costs.
AFFIRMED.
NOTES
[1] We note that not all the deposition extracts referred to in Horizon's motion for summary judgment have been included in the appellate record. However, the plaintiffs take no issue with this; and in light of the new favored status of summary judgment procedure, we have no reason not to accept the characterization of these documents by the parties and the District Court.
[2] Brooks v. Henson Fashion Floors Inc., supra, is distinguished in that the contractor did not show that its method of applying glue and advising pedestrians of the condition was in compliance with the owner's plans and specifications.
[3] The Stelly court stated, in footnote 9: "Since the Stellys' action is governed by the pre-1990 version of LSA-R.S. 23:1032, we decline to address the impact of the post-amendment version on this action and/or whether the statute refers to Louisiana's traditional dual capacity doctrine or a more expansive version of the doctrine."