562 So.2d 1056 (1990)
Jeames S. ARNOLD as Administrator of the Estate of the minor child Adrieanne D. Arnold; Jeames S. Arnold Individually; Terry S. Arnold Individually; Terry S. Arnold as Administratrix of the Estate of the minor child Shawn Smith; Jeames S. Arnold as Administrator of the Estate of the minor child Kristopher D. Arnold
v.
OUR LADY OF THE LAKE HOSPITAL, INC. d/b/a Our Lady of the Lake Regional Medical Center; and Southern Builders, Inc.; and John J. Desmond; and James E. Jenkins; and Henningson[1], Durham and Richardson, P.C.; and Henningson, Durham and Richardson, Inc.
No. CA 89 0478.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
E. Barton Conradi, Baton Rouge, for plaintiff-appellee Jeames S. Arnold, et al.
Thomas K. Kirkpatrick, Baton Rouge, for Jenkins Constr.
John R. Keogh, Roger Futchie, Baton Rouge, for Demond-Miremont-Burke.
Raymond G. Jones, New Orleans, for defendant-appellant Henningson, Durham, and Richardson, Henningson, Durham, and Richardson, Inc., and James E. Jenkins, Jr.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
Appellants, Henningson, Durham & Richardson, P.C., Henningson, Durham & Richardson, Inc., and James E. Jenkins, Jr., *1057 appeal[2] from a summary judgment dismissing their third-party defendants, Jenkins Construction Corporation and James H. Jenkins, appellees herein. Appellants assign as error the granting of summary judgment on the basis of La.R.S. 9:2771, arguing that the purported plans and specifications giving immunity to appellees were neither produced for inspection nor sufficiently detailed to provide immunity under La.R.S. 9:2771, and that the statute does not contemplate immunity for injury to third parties.
This lawsuit arose following a slip and fall accident on February 10, 1984, involving Mrs. Terry S. Arnold which occurred on the sidewalk outside the main entrance to Our Lady of the Lake Hospital (hereinafter "OLOL"). At the time of the accident, Mrs. Arnold was approximately six months pregnant, and shortly thereafter she gave birth prematurely to Adrieanne D. Arnold. Plaintiffs have alleged that as a result of Adrieanne's premature birth, she suffered from many medical complications, including atheoid cerebral palsy. Numerous parties were made defendants in the instant lawsuit on the basis of negligence regarding marking, maintenance, design, and/or construction of the sidewalk and adjoining ramp. Appellants in this appeal, were named defendants as architects involved in the construction of OLOL; they third-partied appellees, herein, as the contractors who constructed the sidewalk.
The trial court in rendering summary judgment found that "Jenkins Construction Corporation performed what it was supposed to do under 9:2771." La.R.S. 9:2771, provides as follows:
No contractor shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration or defect was due to any fault or insufficiency of the plans or specifications. This provision shall apply regardless of whether the destruction, deterioration or defect occurs or becomes evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The provisions of this Section shall not be subject to waiver by the contractor.
The testimony of those involved in the construction of OLOL was submitted by deposition and revealed the following. Lewis E. ("Ed") Miremont, an engineer on the OLOL project,[3] testified that the sidewalk and ramp design was the responsibility of Edward E. Evans & Associates. Mr. Miremont identified plans[4] drawn by Edward E. Evans & Associates which provided for a "TYPE `B'" sidewalk in the entranceway of OLOL. James L. Evans, Jr., general manager of Jenkins Construction Corporation, testified that a type "B" sidewalk has an exposed aggregate finish as opposed to a broom finish. Mr. Evans also testified that the plans did not further state specifications for constructing the exposed aggregate sidewalk, such as, type, size or finish of the aggregate itself. The testimony of John Graves, president of Evans-Graves Engineers, Inc., the successor of Edward E. Evans & Associates, revealed that there are different kinds of exposed aggregate sidewalks with various gradations of gravel, mix texture and degree of "wash-down" which can be used.
James L. Evans, Jr. testified that his company foreman, Joe Benefield, told him that he was instructed by Ed Miremont to finish the sidewalk like one in existence at LSU. Mr. Benefield testified that he was instructed by "an architect" and Wendell Shiflett, who was an engineer for OLOL at the time the new building was constructed, to view a sidewalk at LSU and construct *1058 those at OLOL in conformity therewith. Mr. Benefield further testified that Mr. Shiflett and the architect wanted the sidewalk "seeded" which required the placement of additional rock onto the surface of the sidewalk so that the sidewalk had nearly a solid top of gravel. Mr. Benefield testified that he poured one section of the sidewalk, got the approval of Mr. Shiflett and the architect, and constructed the sidewalk in that manner. At the time of his deposition, some ten years had passed since Mr. Benefield constructed the sidewalk at OLOL and he was unable to identify the "architect" as Ed Miremont. Wendell Shiflett testified by deposition that he had no part in the selection of the type of surface used on the sidewalk or the viewing of any sidewalk at LSU.
A summary judgment is properly rendered only if the pleadings, depositions, admissions and affidavits, if any, filed into the record or admitted into evidence show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Johnson v. Slidell Memorial Hospital, 552 So.2d 1022 (La.App. 1st Cir.1989), writ denied, 558 So.2d 571 (La.1990); Nathans v. Vuci, 443 So.2d 690 (La.App. 1st Cir.1983). On a motion for summary judgment, it must first be determined that the supporting documents presented by the moving party are sufficient to resolve all material issues of fact, failing which the motion should be denied. 443 So.2d at 696. In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. 443 So.2d at 696.
Although appellants contend La. R.S. 9:2771 does not contemplate injury to third persons, the jurisprudence holds that a contractor who strictly adheres to plans and specifications furnished to him is relieved of liability to third persons when the contractor has no reason to doubt that deficiencies contained in such plans and specifications would lead to a dangerous situation. Ortego v. State Bank and Trust Co. of Golden Meadow, 316 So.2d 826 (La.App. 1st Cir.), writ denied, 320 So.2d 914 (La. 1975). See also Van Alton v. Fisk Electric, Inc., 531 So.2d 1175 (La.App. 4th Cir. 1988). In cases of this type a question of fact is presented since a contractor can be held responsible only if he has justifiable reason to believe that adherence to plans and specifications would create a hazardous condition. 316 So.2d at 828. While the plans and specifications provided in writing by Edward E. Evans & Associates specified the general type of sidewalk, i.e., aggregate, to be constructed, there remains a question of fact as to whether the placement of the aggregate sidewalk in the entranceway of OLOL encompassing a wheelchair ramp, constituted a hazardous condition. John Graves testified that aggregate is considered by some in the construction field to be more slippery than standard finish concrete. Mr. Evans testified that an aggregate finish sidewalk is no more slippery than an ordinary sidewalk. The testimony of Joe Benefield and John Graves differed as to whether more rocks in the aggregate surface caused the sidewalk to have less traction.
Although a question of fact exists as to whether use of aggregate in this situation could be considered a defect, no testimony was produced which would indicate that appellees had any reason to believe the construction of the aggregate sidewalk would produce a hazardous condition. However, the facts presented do indicate appellees may have had reason to believe that the additional "seeding" of the sidewalk would produce a more slippery effect. Consequently, the summary judgment dismissing appellees was in error.
For the reasons assigned herein, the trial court judgment sustaining summary judgment in favor of appellees is reversed, with all costs of this appeal to be borne by appellees.
REVERSED.
NOTES
[1] Plaintiffs' original petition incorrectly denominates "Henningson" as "Hennigson".
[2] This case has previously been before this court on other matters under docket number CA 86 0800 and number CA 86 1187.
[3] Mr. Miremont was employed by Desmond-Miremont & Associates which was associated with Henningson, Durham & Richardson, a Nebraska company; as the local representative of that architectural firm.
[4] These plans were attached to Mr. Miremont's deposition.