610 So.2d 839 (1992)
J.B. RICHARD and Mrs. J.B. Richard, Individually and as Tutrix of Mary V. Richard
v.
STATE of Louisiana, through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, et al.
No. 91 CA 1236.
Court of Appeal of Louisiana, First Circuit.
October 16, 1992.
Rehearing Denied January 11, 1993.
Joseph F. Durio, Lafayette, and Charles Wm. Roberts, Baton Rouge, for plaintiff-appellant No. 1, J.B. Richard and Mrs. J.B. Richard, individually and as Tutrix of Miss V. Richard.
William J. Doran, Jr., Baton Rouge, for defendant-appellant No. 2, State of La., through Dept. of Transp. and Development.
Richard Creed, Jr., Baton Rouge, for defendant-appellee Grover Henson.
Brett Furr, Baton Rouge, for defendant-appellee W.E. McDonald & Son, Inc.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
SHORTESS, Judge.
This suit arises from a collision which occurred March 1, 1986, between a vehicle operated by Mary V. Richard and a vehicle operated by Grover W. Henson[1] in Beauregard *840 Parish, Louisiana. Miss Richard's parents, Mr. and Mrs. J.B. Richard (plaintiffs), brought suit individually and on Miss Richard's behalf. Named as defendants were Henson, the State of Louisiana, through the Department of Transportation and Development (DOTD), and W.E. McDonald and Son, Inc. (McDonald).[2] DOTD filed third-party demands against McDonald seeking indemnification and contribution.
McDonald was granted summary judgment by the trial court, based on statutory immunity under LSA-R.S. 9:2771, on both plaintiffs' demands and DOTD's third-party demand against it. Both plaintiffs and DOTD (sometimes collectively referred to herein as appellants) have appealed. Appellants contend R.S. 9:2771 is inapplicable to the facts of this case. Alternatively, appellants contend numerous genuine issues of material fact remain which make summary judgment inappropriate.
We are hampered in our review of the evidence by plaintiffs' failure to file their exhibits in opposition to the motion for summary judgment either into evidence at the hearing or into the record with their pleadings. Plaintiffs submitted to the trial judge, but did not file into the record, a memorandum in opposition to the motion, and all of their exhibits were attached to that document. The memorandum and its attachments do not form part of the record on appeal and cannot be considered by this court. We are able, however, to decide this case without those documents because we find the trial court committed legal error in granting summary judgment.
R.S. 9:2771 provides:
No contractor shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration or defect was due to any fault or insufficiency of the plans or specifications. This provision shall apply regardless of whether the destruction, deterioration or defect occurs or becomes eviden[t] prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The provisions of this Section shall not be subject to waiver by the contractor.
It is not readily apparent from a reading of this statute that it provides immunity to a contractor or subcontractor in a situation where a third party is injured. However, Louisiana appellate courts have extended the statutory immunity of R.S. 9:2771 to third-party tort claims when the contractor can prove it had no justifiable reason to believe adherence to the plans and specifications would create a hazardous condition. Nolan v. S & W Steel Fabricators, 600 So.2d 929, 932 (La.App. 2d Cir.1992); Arnold v. Our Lady of the Lake Hospital, 562 So.2d 1056, 1058 (La.App. 1st Cir.1990).
The trial court, in oral reasons, stated:
The question is whether or not McDonald complied with its contract with the state insofar as supplying signs and locating them where they're told to locate those signs. It appears from the various exhibits that are introduced into evidence that the contractor did exactly what the project engineer told him to do. I can't see where the contractor would have any liability whatsoever and I'll grant the summary judgment.
Now, insofar as the claim of DOTD for indemnification, it's my understanding of the law that that's only applicable if there is negligence on behalf of the contractor. Inasmuch as I'm granting the summary judgment by Richard against the contractor, the court feels that, likewise, it should grant the summary judgment....
*841 Nowhere in its reasons does the trial court address the issue of whether McDonald had reason to believe a hazardous situation was being created by following DOTD's plans and specifications. Proof that it had no such knowledge or belief is an essential element of McDonald's defense. Even if a contractor proves he followed plans and specifications which were provided to him, it is inappropriate to grant summary judgment based on R.S. 9:2771 in a third-party tort situation unless there is no genuine issue of material fact that either the situation created was not hazardous or the contractor had no justifiable reason to believe a hazardous condition would be created. See Recotta Trucking Co. v. State, 573 So.2d 526 (La.App. 4th Cir.1990), writ denied, 577 So.2d 34 (La. 1991); Arnold v. Our Lady of the Lake Hospital, 562 So.2d at 1058; Van Alton v. Fisk Electric, Inc., 531 So.2d 1175, 1177 (La.App. 4th Cir.1988).
The evidence submitted by McDonald in support of its motion is directed to proving only that McDonald adhered to the plans and specifications provided by DOTD. McDonald's statement of uncontested material facts filed with its motion does not address the issue of whether it had reason to believe a hazardous situation would be created by adherence to the plans. In its brief to this court, McDonald states: "Additionally, as can be seen after reviewing all of the evidence before the Court, there was not a dangerous situation created by this construction project which could possibly be causally related to this accident. The sole cause of the accident was Miss Richard running a stop sign." However, there is no evidence before this court regarding whether a hazardous situation was created by McDonald; the cause of this accident is a question of fact which should be resolved after trial on the merits.
In conclusion, we note it is extremely difficult for a contractor to prove the essential elements of an R.S. 9:2771 defense in a third-party tort situation on summary judgment; thus, summary judgment is usually inappropriate. See Smith v. Carl Woodard, Inc., 568 So.2d 1360 (La.1990) (summarily reversing summary judgment in favor of a contractor).[3] For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of McDonald is reversed, and the case is remanded for further proceedings. McDonald is cast with all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] Henson's name is spelled both "Hinson" and "Henson" in the pleadings. We have used the spelling found in the pleading filed by Henson's counsel.
[2] Plaintiffs also sued Henson's liability insurer, Lloyds of Louisiana, and Miss Richard's uninsured motorist carrier, State Farm Mutual Automobile Insurance Company. State Farm settled with plaintiffs and was dismissed from the suit. The Louisiana Insurance Guaranty Association paid its limits into the registry of the court on behalf of Lloyds of Louisiana.
[3] The one published appellate case in which summary judgment based on R.S. 9:2771 was affirmed in a third party tort case, Nolan v. S & W Steel Fabricators, 600 So.2d 929 (La.App. 2d Cir.1992), involved an unusual set of facts.