771 So.2d 193 (2000)
Albert CORMIER
v.
HONIRON CORPORATION.
No. 00-446.
Court of Appeal of Louisiana, Third Circuit.
September 27, 2000.
*195 James L. Daniels Ringuet, Daniels & Collier, Lafayette, Louisiana, Counsel for Plaintiff/Appellant.
Wayne A. Shullaw, Lafayette, Louisiana, Counsel for Defendant/Appellee.
(Court composed of Judge BILLIE COLOMBARO WOODARD, Judge OSWALD A. DECUIR, and Judge JIMMIE C. PETERS).
WOODARD, Judge.
In this tort litigation, Mr. Albert Cormier sued Honiron Corporation (Honiron) for the injuries he sustained while in the course and scope of his employment with Red Fox, at the Port of Iberia, Louisiana, when he fell into a hole located on a mud tank's top, which Honiron fabricated. Honiron filed for summary judgment, arguing that it did not owe Mr. Cormier any duty, because it constructed the mud tank strictly and simply in compliance with plans and specifications, which Red Fox provided. The trial court found no duty, as a matter of law, and granted the motion, but did not address whether Honiron had reason to believe that Red Fox's specifications created an unreasonably dangerous condition. We find that Honiron did not meet its burden of proof, reverse the trial court's summary judgment, and remand for further proceedings.

* * * * *
In September of 1997, to satisfy the requirements of a contract with Transocean Offshore Company (Transocean), Red Fox ordered twelve mud tanks from Honiron, one of which was the mud tank sub judice. Subsequently, Transocean instructed Red Fox that the mud tanks' roof should have a rectangular section removed to allow for the installation of mud-mixing equipment. Red Fox, apparently, relayed the information to Honiron, which strictly complied with these instructions.
On April 21, 1998, Mr. Cormier sustained injuries while in the course and scope of his employment as a fitter with Red Fox at the Port of Iberia. He was on the top of a mud tank, when he fell approximately forty feet through an unmarked, unbarricaded hole and sustained severe injuries.
The contract, between Red Fox and Honiron, made Red Fox responsible for the tanks' transportation and relieved Honiron of any type of supervision, assistance, or maintenance.
On April 8, 1999, Mr. Cormier filed a petition, naming as Defendant, Honiron, seeking to recover damages for the injuries sustained as a result of his fall. Inter alia, he alleged that Honiron was negligent in failing to cover, mark, or prevent the installation of the hole in which he sustained his injuries. On May 18, 1999, Honiron filed a motion for summary judgment, arguing that it owed no duty to Mr. Cormier.
After a hearing held on November 5, 1999, finding that it did not owe Mr. Cormier any duty as a matter of law, the trial court granted Honiron's motion for summary judgment. Mr. Cormier appeals.
The only issue we must decide on appeal is whether the trial court erred when it decided that Honiron did not owe Mr. Cormier any duty as a matter of law. To prevail on its motion for summary judgment, Honiron had to show that it followed Red Fox's plans and specifications and that it had no justifiable reason to believe that its adherence to such plans created a hazardous situation. We find that Honiron did not meet the latter part of its burden and reverse the trial court's summary judgment.

*196 * * * * *
At the outset, we note that appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether or not summary judgment is appropriate.[1] Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.[2]
La.Code Civ.P. art. 966 charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, that party's supporting documentation must be sufficient to establish that no genuine issue of material fact remains at stake.[3] Once the mover makes a prima facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmover.[4] Furthermore, La.Code Civ.P. art. 967 provides, in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his responses by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains.[5] After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment.[6] Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts.[7]
Facts are material if they determine the outcome of the legal dispute.[8] The determination of the materiality of a particular fact must be made in light of the relevant substantive law.[9]
In the instant case, Honiron asserts that it is not liable for Mr. Cormier's injuries, as it owed him no duty. As a general principle, whether a party owes a duty is a question of law.[10] When determining whether such duty exists, courts assess whether jurisprudential, statutory, or policy rules may be applicable to the facts and circumstances of the case.[11] In that respect, the specific facts and circumstances present in each individual case determine the existence and extent of a duty, as well as the resulting degree of care necessary for its fulfilment.[12]
*197 In general, a contractor owes third parties a duty to exercise ordinary care and refrain from creating hazardous conditions in the fulfilment of its contractual obligations.[13] Nevertheless, La.R.S. 9:2771 provides:
No contractor shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration or defect was due to any fault or insufficiency of the plans or specifications.
The rationale supporting Article 9:2771 is that a contractor is not a guarantor of the sufficiency of the plans and specifications which another person draws.[14] The contractor's resulting immunity results from proof of compliance to plans and specifications alone.[15] Further, appellate courts have extended Article 9:2771's immunity to third parties.[16] However, regarding third parties, the contractor cannot blindly rely on plans and specifications. To avoid liability, it must have no justifiable reasons to believe that its adherence to plans and specifications created a hazardous condition.[17] We must determine, then, whether Honiron introduced sufficient undisputed evidence to satisfy its burden of proving its entitlement to summary judgment by introducing evidence on this issue.
In the case sub judice, Mr. Cormier's petition, in relevant part, asserts that Honiron was negligent in failing to cover or to mark the hole it left on the mud tank's top. Granting Honiron's motion for summary judgment, the trial court orally stated the following reasons for its judgment:
The question of duty is a legal question, whether a duty is owed. And the facts that have been established are that Honiron built the mud tank as required by the specifications, left a hole in the top of it [sic], which was required to complete the construction and turned it over to Red Fox. I think, at that point, the duty was on Red Fox since he [sic] was putting employees on top of the tank where the hole was to barricade, or warn, or something of that nature [sic]. That was not a duty owed by Honiron. So, I will grant the summary judgment.
After reviewing the record de novo, we disagree. We note that the trial court never addressed the issue of whether Honiron had reason to believe that the cutting of the hole on the tank created a hazardous situation. Similarly, in support of its motion for summary judgment, Honiron merely introduced the affidavit of its chief operating officer, Mr. Dennis J. Banta, which is silent on that question.
Accordingly, we find that Honiron failed to meet its burden of proving its entitlement to summary judgment; thus, we reverse the trial court's decision and remand the case to the trial court for further proceedings.

CONCLUSION
Honiron failed to prove its entitlement to summary judgment when it failed to introduce any evidence on the issue of whether it had reason to believe that the plans and specifications which Red Fox submitted to it created a hazardous condition; thus, we reverse. We remand the case to the trial court for further proceedings. *198 We cast Honiron with all the costs of the appeal.
REVERSED AND REMANDED.
NOTES
[1] Schroeder v. Board of Sup'rs of La. State Univ., 591 So.2d 342 (La.1991); Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979.
[2] La.Code Civ.P. art. 966(B).
[3] Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323.
[4] Id.
[5] Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-50 (La.3/13/98); 712 So.2d 882.
[6] Id.
[7] Id.
[8] Soileau, 702 So.2d 818.
[9] Id.
[10] Hardy v. Bowie, 98-2821 (La.9/8/99); 744 So.2d 606.
[11] Id.
[12] Socorro v. City of New Orleans, 579 So.2d 931 (La.1991).
[13] Oxley v. Sabine River Authority, 94-1284 (La.App. 3 Cir. 10/19/95); 663 So.2d 497.
[14] Bernard v. State through DOTD, 93-1376 (La.App. 3 Cir. 6/1/94); 640 So.2d 694.
[15] Id.
[16] Richard v. State through, DOTD, 610 So.2d 839 (La.App. 1 Cir.1992).
[17] Id.