991 So.2d 74 (2008)
BARABAY PROPERTY HOLDING CORPORATION
v.
BOH BROTHERS CONSTRUCTION CO., L.L.C. d/b/a Boh Brothers Construction.
No. 2007 CA 2005.
Court of Appeal of Louisiana, First Circuit.
May 2, 2008.
*76 Michael D. Ferachi, Kyle A. Ferachi, Baton Rouge, LA, for Plaintiff/Appellee Barabay Property Holding Corporation.
Martin A. Stern, William D. Shea, Lauren J. Delery, Baton Rouge, LA, for Defendant/Appellant Boh Brothers Construction Co., L.L.C., d/b/a Boh Brothers Construction.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
GAIDRY, J.
A contractor appeals a judgment against it for damages arising from its removal and disposal of excavated soil from a landowner's property during the course of a public construction project. For the following reasons, we affirm the judgment.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
The plaintiff, Barabay Property Holding Corporation (Barabay), owns approximately 4,000 acres of land in Jefferson Parish. The property was subject to a personal servitude for underground public utilities in favor of Jefferson Parish, granted by Barabay in 1997. The servitude contained the following language:
Grantee [Jefferson Parish] promptly shall remove all left over material and all stakes or posts which may have been put into the ground, and generally, restore the surface of the land to nearly its original condition as may be practical.
In 1999, Jefferson Parish solicited bids for the construction of an underground water line that would pass through the servitude on Barabay's property. Boh Brothers was ultimately awarded the contract as the lowest bidder. Construction on the water line project proceeded according to plans prepared by the engineering firm of Camp, Dresser & McKee, Inc. As the water line was being placed underground, excavation was necessary, and a large amount of soil was excavated and later removed from the site by Boh Brothers. The contract between Jefferson Parish and Boh Brothers provided:
It shall be the contractor's responsibility to haul and stack all designated salvageable material at area designated by authorized representative. (No direct payment.) Materials not designated to be salvaged shall be disposed of off site unless otherwise directed by engineers. (No direct payment)
By resolution adopted on January 10, 2001, the Jefferson Parish Council formally accepted the project as complete.
Barabay instituted this litigation by filing a petition for damages against Boh Brothers in East Baton Rouge Parish on January 12, 2001. Boh Brothers answered the petition, denying liability and asserting the affirmative defenses of statutory immunity under La. R.S. 9:2771, its limited liability based upon surety status under La. R.S. 9:2773, Barabay's contributory negligence, and Barabay's failure to mitigate its damages.
*77 The parties proceeded to undertake discovery, and the next significant pleading was a motion for summary judgment by Boh Brothers, filed on April 20, 2004, seeking the dismissal of Barabay's action based upon Boh Brothers's statutory immunity under La. R.S. 9:2771. The motion was heard on November 8, 2004, and was denied by the trial court by judgment signed on December 10, 2004.
Barabay filed a request for a status conference on December 15, 2004. The parties subsequently submitted a joint pretrial statement and order in connection with the pretrial conference held on April 12, 2005. The trial on the merits was scheduled for June 27, 2007.
On May 25, 2007, Boh Brothers filed a pretrial brief, in which it addressed the issue of its claimed statutory immunity, the nature of the damages claimed by Barabay, and an alternate defense of "equitable estoppel" in the event the trial court rejected its defense of statutory immunity. On June 19, 2007, Barabay filed a motion in limine, seeking to preclude Boh Brothers from asserting the affirmative defense of estoppel and from offering any testimony or other evidence in support of that defense.
Barabay's motion in limine was set for hearing on the morning of the trial on the merits. Following a conference in chambers, the trial court ruled in favor of Barabay, granting its motion in limine. The trial on the merits then proceeded. At the conclusion of Barabay's presentation of evidence, Boh Brothers moved for an involuntary dismissal of Barabay's cause of action, on the grounds that no evidence was introduced to prove that Boh Brothers deviated from the project plans and specifications, and thus it was immune from liability under La. R.S. 9:2771. The trial court denied its motion, ruling that La. R.S. 9:2771 did not apply under the circumstances.
At the conclusion of the trial, the trial court stated that it would rule in favor of Barabay, finding Boh Brothers liable for the sum of $58,020.00, representing the value of approximately 5,802 cubic yards of excavated soil removed from Barabay's property. Its judgment reflecting that ruling was signed on July 6, 2007. Boh Brothers now appeals.

ASSIGNMENTS OF ERROR
Boh Brothers contends that the trial court committed error in the following respects:
1. The trial court erred by refusing to enlarge the pleadings to permit Boh Brothers to offer estoppel as a defense to plaintiff's claims.
2. The trial court erred in concluding that Boh Brothers was not entitled to statutory contractor immunity, even though it constructed the water line in compliance with the plans provided to it by the Project's engineers.
3. The trial court's conclusion that Boh Brothers was liable for the removal of the soil was manifest error because Barabay offered no proof of Boh Brothers' liability.

DISCUSSION

The Affirmative Defense of Estoppel
Estoppel is an affirmative defense that must be affirmatively pleaded in a defendant's answer. See La. C.C.P. art. 1005. Louisiana Code of Civil Procedure article 1154 provides:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such *78 amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
A trial court has great discretion to admit or to disallow evidence subject to an objection based upon the scope of the issues and pleadings and to determine whether evidence is encompassed by the general issues raised by the pleadings. Muscarello v. Ayo, 93-2081, pp. 4-5 (La. App. 1st Cir.10/7/94), 644 So.2d 846, 849. It has likewise been generally recognized that a trial court has much discretion under La. C.C.P. art. 1154 to allow a party to amend his pleadings. Id., 93-2081 at p. 5, 644 So.2d at 849.
Boh Brothers contends that Barabay had notice of the evidence supporting the defense of estoppel, as such evidence included the deposition testimony of Mark Gagliano of Coastal Environments, Inc., Barabay's land management services contractor, that he observed and did not express objection to the removal of the soil during the construction project. Boh Brothers also contends that the language of both the servitude in favor of Jefferson Parish and the water line construction contract served to put Barabay on notice that excavated soil not re-used as fill material would be removed from the property.
Barabay, on the other hand, emphasizes that its petition was filed well over six years prior to the time the issue of estoppel as a potential defense was first brought to its attention and that of the trial court. Although Mr. Gagliano's deposition was given on July 31, 2003, Boh Brothers never sought leave to formally amend its answer to raise the affirmative defense of estoppel in the lengthy interval between that deposition and the filing of its pretrial brief on May 25, 2007. Likewise, neither the affirmative defense of estoppel nor its factual basis was set forth in Boh Brothers's portion of the pretrial order stating its contentions and the contested issues of fact and law. See La. C.C.P. art. 1551. Rather, after Boh Brothers broached the issue of estoppel in its pretrial brief, less than a month before trial, Barabay filed a pretrial motion in limine on June 18, 2007 to object to the submission of any testimony or reference to the issue of estoppel, in order to preempt enlargement of the pleadings at trial.
We first observe that a legal memorandum or a brief is not a pleading or evidence. Anderson v. Allstate Ins. Co., 93-1102, p. 4 (La.App. 1st Cir.4/8/94), 642 So.2d 208, 214. Thus, a memorandum or brief is not a proper procedural vehicle with which to raise an issue or defense that must be affirmatively or specially pleaded. See M.J. Farms, Ltd. v. Exxon Mobil Corp., 07-0450 (La.4/27/07), 956 So.2d 573. A timely objection to an attempt to enlarge the pleadings, coupled with a failure to move for an amendment to the pleadings, is fatal to an issue not raised by the pleadings. Barham & Arceneaux v. Kozak, 02-2325, p. 17 (La.App. 1st Cir.3/12/04), 874 So.2d 228, 242, writ denied, 04-0930 (La.6/4/04), 876 So.2d 87. Given the late assertion of the defense by *79 Boh Brothers and its failure to assert the defense in an amended answer or other pleading, we find no abuse of the trial court's discretion in granting Barabay's motion in limine and refusing to permit the introduction of evidence that would have enlarged the pleadings. This assignment of error has no merit.

Contractor Immunity under La. R.S. 9:2771
Louisiana Revised Statutes 9:2771 provides as follows:
No contractor, including but not limited to a residential building contractor as defined in R.S. 37:2150.1(9), shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration, or defect was due to any fault or insufficiency of the plans or specifications. This provision shall apply regardless of whether the destruction, deterioration, or defect occurs or becomes evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The provisions of this Section shall not be subject to waiver by the contractor. (Emphasis supplied.)
Tort immunity is a special or affirmative defense that must be specially pleaded in an answer and for which the one asserting the defense has the burden of proof. See Walls v. American Optical Corp., 98-0455, p. 6 (La.9/8/99), 740 So.2d 1262, 1267. Further, immunity statutes must be strictly construed against the party claiming the immunity. Weber v. State, 93-0062 (La.4/11/94), p. 8, 635 So.2d 188, 193. While the immunity afforded by La. R.S. 9:2771 extends to third-party tort claims, the contractor invoking that defense has the burden of proving its essential elements. Morgan v. Lafourche Recreation Dist No. 5, 01-1191, pp. 7-8 (La. App. 1st Cir.6/21/02), 822 So.2d 716, 721-22. While a contractor is not the guarantor of the sufficiency of plans and specifications drawn by another, it "cannot rely blindly on plans and specifications" in fulfilling its duty to exercise ordinary care toward third parties in the fulfillment of its contractual obligations. Id., 01-1191 at p. 7, 822 So.2d at 721.
Donald Abadie, Boh Brothers's pipe superintendent, testified that the excavated soil it removed from the property was not "salvageable material," in that it had too much organic content (tree limbs, etc.) to be used as backfill to cover the water line. Boh Brothers therefore contends that it was required under the contract plans and specifications to dispose of the soil off site. On the other hand, Barabay's expert civil engineer, Leonard Chauvin, testified that even "unclassified fill" or "field dirt" with organic content such as tree limbs and grass had a market value of $10.00 per cubic yard, and that he used that basis to calculate the value of the excavated soil removed from the property.
The contract between Jefferson Parish and Boh Brothers clearly contemplated a "public work" within the meaning of the Public Bid Law, La. R.S. 38:2211, et seq. Louisiana Revised Statutes 38:2211(A)(12) defines a "public work" as "the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity." This definition seems to broadly incorporate the processes of construction, as well as the end result. Thus, the water line construction project, including the component process of removal of the excavated soil, might arguably constitute the "construction" or "alteration" of "immovable *80 property ... used [or] leased" by Jefferson Parish.
Although the removal of the excavated soil might conceivably fall within the scope of the "public work" contemplated by the contract at issue, for purposes of the Public Bid Law, that term is not necessarily synonymous with the term "work" as used in La. R.S. 9:2771. The current definition of "public work" in La. R.S. 38:2211(A)(12) was enacted in 1991. Prior to that time, the term "public work" was defined in the jurisprudence as "a building, physical improvement, or other fixed construction." Wallace Stevens, Inc. v. Lafourche Parish Hosp. Dist. No. 3, 323 So.2d 794, 796 (La. 1975). (Emphasis supplied.) Louisiana Revised Statutes 9:2771 was first enacted in 1958, and subsequent amendments in 1960 and 2001 did not change or affect the term "work" as used therein. The context of the term within the statutory language, "any work constructed, or under construction, by him if he constructed, or is constructing, the work," obviously refers to the building or other fixed construction constituting the end product or object of the contract. This result accords with the ordinary meaning of the plural term "works" as used in reference to "public works."[1]See Waste Mgmt. of Cent. La. v. Beall, 03-1710, pp. 11-13 (La.App. 3rd Cir.8/4/04), 880 So.2d 923, 930-31.
The excavated soil removed from the property by Boh Brothers did not ultimately constitute construction material, as it was not incorporated in the "work constructed, or under construction" by Boh Brothers. In summary, we conclude that the component activity or process of removing the excavated soil does not constitute "destruction or deterioration of or defects in any work constructed, or under construction," so as to entitle Boh Brothers to statutory immunity under La. R.S. 9:2771. Its second assignment of error also lacks merit.

Adequacy of Proof of Defendant's Liability
Boh Brothers contends that Barabay failed to present any evidence that Boh Brothers acted wrongfully in removing the excavated soil. However, we note that it was established by the pleadings and pretrial order, and undisputed by the parties, that Barabay owned the property at issue, including its component soil, and that Boh Brothers removed the excavated soil without Barabay's permission. From a factual standpoint, the evidence was equivocal at best on the issue of whether the excavated soil was ever considered a construction "material" or "materials" for purposes of the construction project; on its face, the contract clause relating to salvageable and unsalvageable "materials" could reasonably be interpreted to refer to leftover construction and fill materials supplied by the contractor for use in fabricating the water line, not the existing soil that was removed in order to place the water line. And even if the excavated soil was considered "material," the issue of whether the excavated soil was in fact "salvageable" was a fact issue. The trial court implicitly resolved those factual issues in favor of Barabay, as well as the factual issue of whether Boh Brothers breached its duty of ordinary care toward the property owner, Barabay, in fulfilling its contractual duties owed to Jefferson Parish. Based upon our review of the entire record, we find no manifest error on the part of the trial court.

DECREE
The judgment of the trial court in favor of the plaintiff-appellee, Barabay Property *81 Holding Corporation, and against the defendant-appellant, Boh Brothers Construction Company, L.L.C., is affirmed. All costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.
MCCLENDON, J., dissents in part and assigns reasons.
McCLENDON, J., dissents in part and assigns reasons.
I agree with the analysis on the issue of estoppel. And, while I am not prepared to find that the term "work" in LSA-R.S. 9:2771 will apply in all future cases only to fixed constructions, I also agree that the facts of this case do not seem to fit within the coverage of the immunity waiver statute. I cannot, however, agree that the plaintiff met its burden to prove that Boh Brothers acted negligently or breached a contract.
The trial court's determination that the material in question was "salvageable" did not end the inquiry. The contract between Boh Brothers and the parish required Boh Brothers to "stack all designated salvageable material at area designated by authorized representative," and to remove materials not designated as salvageable. There is no evidence in the record to support a finding that plaintiff met its burden of proof to show that the dirt in question was so designated by an authorized representative. In addition, the servitude language, agreed to by Barabay and the parish, required the parish, and presumably its contractor, to remove all "left over" material. Thus, in the absence of any proof of a designation by a representative of Barabay or of knowledge on the part of Boh Brothers that Barabay wanted the "left over" excavated dirt to remain on site, I do not believe that plaintiff proved that Boh Brothers acted negligently or breached a contract. Having found no proof of liability, I respectfully dissent.
NOTES
[1] See, e.g., Black's Law Dictionary 1639 (8th ed.2004) ["public works. Structures (such as roads or dams) built by the government for public use and paid for by public funds."]