EDWIN A. LOMBARD, Judge.
Lin this action for the wrongful death of William J. Lyncker, Jr. (“Mr. Lyncker”), Plaintiffs/Appellants appeal the judgment of the trial court granting summary judgment to Circle, Inc. (“Circle”), and dismissing Plaintiffs’ claims against it with prejudice. After a de novo review of the evidence in light of the relevant law, we find that summary judgment was proper and affirm the judgment of the trial court.

Relevant Facts

Plaintiffs/Appellants are the wife and children of Mr. Lyncker, a commercial fisherman from Irish Bayou, who was killed on September 15, 2004, when his automobile collided into a metal floodgate owned and operated by the Orleans Parish Levee District on Chef Menteur Highway, U.S. Highway 90 in Eastern New Orleans. On that day, the flood gate had been extended across Highway 90 by the Orleans Levee District in preparation for possible high water due to impending Hurricane Ivan. Lighted barricades had been placed across the roadway eighty-five feet before the closed floodgate, and the floodgate was equipped with reflective warning panels across its entire span. Mr. Lyncker had safely traveled around the extended floodgate several times that day without incident. ^Nevertheless, this time Mr. *814 Lyncker drove directly through the lighted metal barricades and collided directly into the floodgate. Toxicology reports indicated that Mr. Lyncker’s blood alcohol limit at the time of the accident was 0.21%.
After the fatal accident, Plaintiffs sued Circle, among others, for Mr. Lyncker’s wrongful death. Plaintiffs’ claims against Circle were based on the fact that four years before the accident, Circle had constructed the floodgate in question and it should have known that the floodgate was “flawed and presented an unreasonable risk of harm to the public.” Plaintiffs specifically alleged that the floodgate had inadequate safeguards for motorists, and that although Circle constructed a by-pass road for Irish Bayou residents, Circle failed to construct any traffic control system to direct traffic onto the by-pass road.
Circle moved for summary judgment on the basis that it was immune to liability pursuant to LSA-R.S. 9:2771. The matter came for hearing on July 27, 2007. The trial court concluded that Circle was immune from Plaintiffs’ claims, reasoning that there was no evidence that Circle deviated from the plans and specifications in its construction of the floodgate and that Circle had no reason to suspect that the floodgate as built posed a hazard. It is from this judgment that Plaintiffs appeal.

Law & Discussion

Summary Judgment Standard

Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Champagne v. Ward, 03-3211, p. 4 (La.1/19/05), 893 So.2d 773, 776. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that | smover is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966(B). Summary judgment shall be construed “to secure the just, speedy, and inexpensive determination of every action.” La.Code Civ. Proc. art. 966(A)(2). The mover bears the initial burden of proof to show that no genuine issue of material fact exists. Id. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party’s claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ. Proc. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. Id.

Contractor Liability

The only issue before this Court is whether the trial court erred in granting summary judgment in favor of Circle pursuant to LSA-R.S. 9:2771. In general, a contractor owes third parties a duty to exercise ordinary care and refrain from creating hazardous conditions in the fulfillment of its contractual obligations. Cormier v. Honiron Corp., 00-0446, p. 4 (La.App. 3 Cir. 9/27/00), 771 So.2d 193, 197. A contractor, however, is not the guarantor of the sufficiency of plans and specifications drawn by another, and if it complies with those plans and specifications, it is entitled to immunity under LSA-R.S. 9:2771, which provides:
No contractor ... shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterio *815 ration, or defect was due to any fault of insufficiency of the plans or specification. This provision shall apply regardless of whether the destruction, deterioration or defect occurs or becomes evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The provisions of this Section shall not be subject to waiver by the contractor.
l/The immunity afforded by LSA-R.S. 9:2771, however, is not absolute. With respect to tort claims brought by third parties, to avoid liability, the contractor must prove either that the condition created was not hazardous or that it had no justifiable reason to believe that its adherence to the plans and specifications created a hazardous condition. Rosato v. Louisiana DOTD, 97-2543 to 97-2546 (La.App. 4 Cir. 5/27/98), 714 So.2d 862; Bernard, v. State, 93-1376, p. 10 (La.App. 3 Cir. 6/1/94), 640 So.2d 694, 700, writ denied, 94-1814 (La.10/14/94), 643 So.2d 165.
Other Louisiana circuits have held that, because the contractor has the burden of proving the elements of the contractor’s immunity defense under LSA-R.S. 9:2771, summary judgment is proper only if the contractor introduces sufficient undisputed evidence to show that it had no reason to believe that its adherence to the plans would create a hazard (see, e.g., Cormier, supra, 00-0446, p. 5, 771 So.2d at 197 and Richard v. State of Louisiana through DOTD, 91-1236 (La.App. 1 Cir. 10/16/92), 610 So.2d 839, 841). However, we are bound to follow the decision of this circuit in Rosato, supra, wherein a panel of this court held that in a summary judgment situation, it is incumbent upon the plaintiff, rather than on the contractor, to show there is a material issue of material fact with respect to whether the contractor had reason to believe that working in compliance with the plans and specifications would create a hazardous condition. Id., pp. 10-11, 714 So.2d at 867.
In the instant case, it is undisputed that the design engineer provided the plans and specifications for the floodgate and that Circle followed them without deviation. Therefore, for purposes of summary judgment, Circle has met its initial burden of showing that it is entitled to the immunity afforded by LSA-R.S. 9:2771. IfiTo avoid summary judgment in this issue, it then became incumbent on Plaintiffs to show that there was a genuine issue of material fact with respect to whether Circle had reason to believe that constructing the floodgate to the design specifications provided would create a hazardous condition.
While Plaintiffs deny that this is their burden, Plaintiffs assert that they have, nevertheless, made such a showing. They point to their expert’s testimony that Hurricane Evacuation Route signs near the site of the floodgate should have alerted Circle that motorists might travel that way when the floodgate was extended and that the construction of barriers to protect motorists from striking the flood gate when it was retracted should have alerted Circle to the need for having a barrier to protect motorists from striking the floodgate when it was extended across the highway. They also point to their expert’s testimony that simple inspection of a metal barrier across a highway without adequate warnings should have alerted Circle to the hazardous condition it created. Finally, they claim that an internal Department of Transportation and Development (“DOTD”) memorandum, dated March 17, 1999 from Peter A. Allain, State Traffic Engineer, to John Collins, Utility and Permit Engineer, indicates that the flood gate would present a hazard to the public when extended.
*816 However, the evidence offered by Plaintiffs does not create an issue of fact as to whether Circle had reason to believe that it was creating a hazardous condition by following the design plans for the construction of the floodgate. Rather, the testimony Plaintiffs point to goes to the issue of whether the other defendants, specifically the Orleans Levee District, failed to adequately warn the public that the floodgate was extended across the highway and whether the designer, Design Engineering, Inc., should have specified the need for a more |fiextensive warning system in the design plans it submitted to Circle.[1] The document that Plaintiffs offer as evidence of Circle’s knowledge of the floodgate’s defects is an internal memorandum from one DOTD employee to another. Circle denies, and Plaintiffs have not shown, that this memorandum, or the information contained within it, was ever provided to Circle. Therefore, this document does not create an issue of fact as to whether Circle had knowledge of any alleged hazard.
Circle was not hired to determine the location of the floodgate, to design a traffic control plan, or to devise a safety plan to be executed in the event of a hurricane. Circle constructed the floodgate to the specifications it was provided, with the reflective warning system specified under its contract. It had no reason to believe that the design itself was flawed, or that those responsible for erecting warnings in the threat of a hurricane, when the gate would be closed, may fail to live up to their duties by allegedly failing to adequately warn the public. Notably, since Mr. Lyncker crashed through the lighted barriers while heavily intoxicated and without slowing down, in this case, no warnings may have been enough to prevent the accident.
Circle has met its burden of showing that there is no genuine issue of material fact that it is entitled to summary judgment as a matter of law. Plaintiffs did not come forth with any evidence creating a genuine issue of material fact on the issue of Circle’s knowledge that the floodgate was hazardous as designed. Circle is entitled to immunity under the statute. Therefore, the trial court was correct in granting Circle’s motion for summary judgment and dismissing [7Plaintiffs’ claims against it. For the foregoing reasons, the trial court’s judgment is affirmed.
AFFIRMED.

. Plaintiffs have since settled with the designer, Design Engineering, Inc., and the Orleans Parish Levee District for an undisclosed amount.