McDonald, j.
D.This is an appeal from a workers’ compensation case. The claimant, William White, appeals the judgment finding that he was terminated for just cause and thus not entitled to supplemental earnings benefits. After review, we affirm.
Mr. White’s right Achilles tendon was injured in a workplace accident while working for The Shaw Group, Inc. as a pipe fitter on June 20, 2005. On July 28, 2008, Mr. White filed a disputed claim for compensation with the Office of Workers’ Compensation asking for wage benefits, medical benefits, an independent medical review examination, and disability status. A trial was held on September 22, 2014. By judgment dated O'ctobér 14, 2014, the workers’ compensation judge found that Mr. White returned to work with restrictions in September 2005, that he was terminated for just cause by his employer on October 3,2005,[1] and that he failed to meet his burden of proof in establishing entitlement to any indemnity or medical benefits; The office of workers’ .compensation found that Mr. White had committed fraud as of December 1, 2007, and forfeited all benefits. Mr. White has appealed that judgment, asserting in his assignment of error that the office of workers’ compensation erred in ruling that he was terminated for cause and thus not entitled to supplemental earning benefits. He did not appeal the finding that he committed fraud.
In workers’ compensation cases, as in other civil cases, the appellate court’s review of facts is governed by the manifest error or clearly wrong standard, A court of appeal may not overturn a judgment of a hearing officer absent an error of law or a factual finding which is manifestly erro *1182 neous or clearly wrong. Appellate review of questions of law is simply review of whether the trial court was legally Incorrect or legally incorrect. Bass v. National Maintenance Corp., 95-0367 (La.App. 1 Cir. 12/15/95) 665 So.2d 782, 783-84.
A review of the record shows that Mr. White failed to follow his physicians’ instructions and removed his cast prior to healing fully. His pain management specialist, Dr. Sandra Weitz, questioned his credibility after he repeatedly requested stronger pain medications. Mr. White obtained pain medication from both Dr. Weitz and Dr. F. Allen Johnston, an orthopedist, within the same month, despite agreeing to not obtain pain medications from anyone else while under Dr. Weitz’s treatment. Mr. White requested that Dr. Weitz provide hifn with a Cialis prescription for erectile dysfunction and claimed it was related to his workplace accident. When Dr. Weitz refused to provide thé prescription, Mr. White became very upset. Mr. White requested that Dr. Weitz amend her notes to state that he heeded Cialis because of the workplace accident, and she refused.
Thereafter, Dr. Weitz referred Mr. White for evaluation by a clinical psychologist, Dr. F. Charles Frey, IV,. After Dr. Frey administered tests to Mr. White oyer four weeks, Dr. Frey determined that Mr. White was malingering. Dr. Frey found that Mr. White had deliberately failed a memory test. When Dr. Weitz met with Mr.- White to give him a chance to explain the test results, he became angry and discussed his treatment with clarity, specifically recalling dates and times that he could not recall to Dr. Frey. After this meeting, Dr. Weitz agreed with Dr. Frey’s diagnosis of malingering.
Based on this evidence and other evidence in the record, the workers’ compensation judge found that Mr. White had deliberately misrepresented his case for the purpose of obtaining workers’ compensation benefits since at least December 2007, and probably before. The workers’ compensation judge determined that the employer was justified in terminating medical benefits in February 2008, and was justified in hot reinstating benefits after Mr. White was Lfired in 2005. The work-, ers’ compensation judge found that Mr. White was unable to carry his burden of proving that his injury was the cause of his inability to earn 90 percent of his pre-injury wages; that his termination was the cause of his inability to earn 90 percent of his pre-accident wages; and, thus he was not entitled to supplemental earnings benefits after that date.
At trial Mr. White admitted that he was smoking at work in an area of the Marathon Oil and Gas Refinery that was not designated for smoking. While Mr. White asserted that other employees had smoked in the same area, he failed to present any evidence to support his claim except his own testimony, and the record reveals that he was simply not a credible witness.
After a thorough review, we find no manifest error of fact or error of law, and we affirm the judgment of the office of workers’ compensation finding that Mr. White was terminated for just cause. Costs of this appeal are assessed against William White.
AFFIRMED.
McCLENDON, J., concurs and assigns reasons.

. Mr. White was discharged for smoking in an area that was not designated for smoking at Marathon Oil and Gas Refinery.