HIGGINBOTHAM, J.
IgThis appeal involves a parent’s claim for general damages against a school board after her young child was inadvertently left alone on a school bus after school.
BACKGROUND
During the 2012-2013 school year, Shun-quita Morgan’s minor son, Demondre Morgan, was a kindergarten student at Westminster Elementary School in Baton Rouge, Louisiana. After school on September 25, 2012, Demondre fell asleep while riding bus number 1882 home from school. Unaware that a child had fallen asleep on the bus, the bus driver completed her route and then drove the bus to her residence, where she locked and parked the bus for the night. In the meantime, Ms. Morgan was waiting for her son at their usual bus stop, but the bus never arrived. After learning through her son’s teacher and school that Demondre had been placed on a bus, Ms. Morgan contacted the police to report her son missing. Demondre woke up and found himself alone and trapped inside the bus, and began to cry for help. Two women heard Demondre crying and rescued him from the bus. Demondre and his mother were subsequently reunited, approximately two hours after Demondre should have arrived home from school.
Ms. Morgan filed suit on March 4, 2013, against the East Baton Rouge Parish School Board (“EBRPSB”), individually and on behalf of her son, who underwent psychological counseling allegedly due to the trauma of being left alone on the bus. In Ms. Morgan’s petition for damages, she alleged that her son had suffered mental anguish and emotional distress and that she had sustained substantial economic loss related to her son’s fear of riding the bus. Prior to the bench trial on April 15, 2016, EBRPSB stipulated liability, leaving only the issue of damages for trial.
At trial, Ms. Morgan and her son each testified. In addition, Demondre’s certified medical records were admitted into evidence without objection, along with the trial deposition of Demondre’s counselor, Amanda H. Chapoton. During closing |sarguments, Ms. Morgan’s attorney argued that both Demondre and Ms. Morgan had sustained mental anguish and emo *444 tional distress from the incident. EBRPSB interrupted to point out to the trial court that in her petition, Ms. Morgan had only-pled economic loss damages for herself. The trial court agreed with EBRPSB and found that because Ms, Morgan had not presented any evidence of her economic loss, she was not entitled to any award for damages. On May 2, 2016, the trial court signed a judgment awarding $1,684.00 for Demondre’s medical expenses, $2,500.00 for Demondre’s general damages, and $0 for Ms. Morgan’s general damages. Ms. Morgan’s motion for a new trial was denied. Ms. Morgan appeals, assigning legal error to the trial court’s failure to find that the pleadings had been expanded and to award monetary damages for her emotional distress and mental anguish.
LAW AND ANALYSIS
Ms. Morgan’s assignment of error concerns a question of law—whether the trial court came to a proper legal determination that the pleadings had not been expanded to include a claim for Ms. Morgan’s individual general damages. Appellate review of questions of law simply involves a determination as to whether the trial court was legally correct or legally incorrect. White v. Liberty Mut. Ins. Co., 2015-0680 (La. App. 1 Cir. 2/24/16), 189 So.3d 1180, 1182.
While Ms. Morgan concedes that a claim for general damages concerning her own emotional distress was not actually raised in her petition, she argues that her portion of the pretrial order included claims for psychological damages for both her and her son. Ms. Morgan also contends that EBRPSB did not object to her testimony or the evidence introduced at trial that revealed she had suffered emotional distress and mental anguish over her child being left alone on the bus. According to Ms. Morgan, the pleadings were expanded to include her general damage claim.
Pursuant to La. Code Civ. P. art. 1551(B), a trial court renders a pretrial order after holding a pretrial conference, and the order “controls the subsequent course of |4the action, unless modified at the trial to prevent manifest injustice.” The theory inherent in pretrial procedure is to avoid surprise and to allow orderly disposition of cases. Theriot v. State Dept. of Wildlife and Fisheries, 94-1536 (La. App. 1 Cir. 4/7/95), 661 So.2d 986, 989, writ denied, 95-1617 (La. 10/6/95), 662 So.2d 1041. We note that the pretrial order in this case contains a section titled “AMENDMENT OF PLEADINGS” with the statement that “it is not currently anticipated that any amendments will be necessary by the parties.” The trial court is vested with much discretion in determining when a pretrial order should be modified or amended. Barabay Property Holding Corp. v. Boh Bros. Const. Co., L.L.C., 2007-2005 (La.App. 1 Cir. 5/2/08), 991 So.2d 74, 78, writ granted, 2008-1185 (La. 10/10/08), 993 So.2d 1270, writ denied as improvidently granted, 2008-1185 (La. 3/17/09), 6 So.3d 172. See also Theriot, 661 So.2d at 989. Ms. Morgan never requested that the pretrial order be modified to allow an amendment of the pleadings in this case; thus, there was no explicit amendment or expansion of the claims in Ms. Morgan’s pleadings.
Ms. Morgan argues, however, that the pleadings were implicitly expanded or enlarged to include her general damage claim since EBRPSB did not object to her testimony about her emotional distress or the admission of her son’s medical records that contained references to her anxiety and fear about her son riding the bus. Ms. Morgan maintains that EBRPSB’s objection during closing argument was too late because the pleadings had already been enlarged when she testified about her emotional distress without objection. *445 EBRPSB counters that pleadings are not automatically expanded when the evidence that is admitted without objection is relevant to other issues raised in the pleadings. Because the medical records and counselor’s deposition testimony, along with Ms. Morgan’s and Demondre’s testimony, were all relevant to Demondre’s general damage claim, EBRPSB did not object. EBRPSB stresses that there was no reason to object to the evidence and | ^testimony since Ms. Morgan was never treated on an individual basis and all of the counseling was directly related to Demon-dre’s trauma of being left alone on the bus. The trial court agreed with EBRPSB, stating: “If no claim has been made, she could have talked about all kinds of stuff. I’m not quite sure how you bootstrap a claim that was not alleged with the deposition of an expert who was only ... hired to evaluate Demondre.”
After reviewing the record, we find no error in the trial court’s legal conclusion that Ms. Morgan’s pleadings were not enlarged to include her general damage claim. When it became apparent that Ms. Morgan was attempting to enlarge the pleadings during closing argument, EBRPSB objected. Louisiana Code of Civil Procedure article 1154 provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings. If evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, the trial court may allow the pleadings to be amended. La. Code Civ. P. art. 1154. However, Article 1154 does not contemplate the adding of an issue that has not been pleaded, and a timely objection to an attempt to enlarge the pleadings, coupled with a failure to move for an amendment to the pleadings, is fatal to an issue not raised by the pleadings. Barham & Arceneaux v. Kozak, 2002-2325 (La.App. 1 Cir. 3/12/04), 874 So.2d 228, 242, writ denied, 2004-0930 (La. 6/4/04), 876 So.2d 87.
Furthermore, for introduction of evidence to automatically enlarge the pleadings under Article 1154, the evidence admitted must not be pertinent to any other issue raised by the pleadings. Barham & Arceneaux, 874 So.2d at 242. If the evidence was admissible for any other purpose, it cannot enlarge the pleadings without the express consent of the opposing party. Id. Even if some of the evidence admitted without objection in this case might have supported Ms. Morgan’s general damage claim, that evidence was also relevant to Demondre’s general damage claim | nthat had been pleaded, and EBRPSB did not consent to the enlargement of Ms. Morgan’s pleadings to include a claim for her individual general damages. Moreover, Ms. Morgan failed to move for an amendment to her pleadings. Thus, the trial court did not err when it declined to expand the pleadings so as to rule on Ms. Morgan’s claim for her individual general damages. Additionally, since the record is void of any evidence that would support Ms. Morgan’s claim for economic damages, the trial court’s judgment denying any award to Ms. Morgan individually should be affirmed in all respects.
CONCLUSION
For the stated reasons, we affirm the trial court’s judgment. All costs of this appeal are assessed to Shunquita Morgan.
AFFIRMED.